IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TICORA WILLIAMS, | Civil Action File No. |
|  | 1:11-cv-03712-RLV |
| Plaintiff, | |
| v. | |
| WAL-MART STORES EAST, LP, | |
| Defendant. | |
| _____/ | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Plaintiff, by and through counsel, and hereby files her Brief in Opposition to Defendant's Motion for Protective Order, showing this Court as follows:

**FACTUAL BACKGROUND**

This is a premises liability case arising out of a slip and fall incident at Defendant's store on September 23, 2010. On that date, Plaintiff slipped and fell on mop water on the floor of aisle three. Defendant's employees had just mopped the floor minutes earlier, and there is testimony and video evidence that there were no safety cones in the area to warn customers that the floor was wet. Although Defendant produced surveillance footage from one of its security cameras, the

footage does not show Plaintiff's fall. Also, the footage from the cameras directly above the register where Plaintiff fell was not produced.

As a result of her fall, Plaintiff sustained serious injuries to her head, neck, lower back, and right shoulder, and was rushed from the scene by ambulance to the emergency room. She subsequently underwent shoulder surgery and remained out of work for nearly one year. She incurred medical bills in excess of $115,000 and continues to experience pain and problems due to her fall.

## **PROCEDURAL POSTURE**

On March 14, 2012, Plaintiff served her Second Request for Production of Documents ("RPD") as well as a Notice of Inspection to Defendant. [Doc. 39]. In her RPD, Plaintiff sought three things: (1) the original claim folder for her slip and fall incident at Defendant's store; (2) the CMI claim forms for the 9 similar incidents at Defendant's store that were previously identified by Defendant in its response to earlier discovery requests; and (3) still screen shots from the surveillance cameras in the area where Plaintiff fell. On April 12, 2012, Defendant permitted Plaintiff to inspect and copy the original claim file for her incident, which notably contained photographs and documents not previously produced by Defendant in discovery or identified on its privilege log. On April 13, Defendant produced copies of the still screen shots from the surveillance cameras in the area

where Plaintiff fell, and Defendant also agreed to provide a copy of a schematic from the store that references the locations of various "Pan, Tilt, Zoom cameras" a/k/a "PTZ cameras" though this schematic has yet to be produced.

In her Notice of Inspection, Plaintiff sought to inspect and photograph the aisle and surrounding areas where she fell, and also examine the monitors in the surveillance office at Defendant's store in order to confirm that the still screen shots that were produced are consistent with what is shown on the video monitor in the surveillance office.  Plaintiff made the request to inspect first-hand the monitors in the surveillance office in light of a recent state court slip-and-fall case against a different large corporate defendant that manipulated the positioning of the surveillance cameras in its store during discovery.[1]

After reviewing and considering Defendant's Motion, Plaintiff sent several e-mails to defense counsel to try and work through the issues raised by Defendant in its Motion.  However, Defendant has not responded to those e-mails, thus necessitating Plaintiff's response.

---

[1] *Charles Craig Walters, Jr., et al v. The Kroger Co.*, et al, Civil Action No. 2009C-14740-4, State Court of Gwinnett County, Georgia.  A copy of the Order striking the Defendant's Answer is attached hereto as Exhibit "A."

## ARGUMENT/CITATION OF AUTHORITY

Federal Rule of Civil Procedure provides, in pertinent part, "Parties may obtain discovery regarding <u>any matter</u>, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b) (1) (emphasis added). "So long as the information sought is more likely than not reasonably calculated to lead to discovery of admissible evidence, the matter sought from the opposing party <u>must</u> be provided." *Jones v. Colorcraft Corp.*, 1983 US Dist. LEXIS 14888 at *2 (S.D. Ga. 1983) (emphasis added).

**A.      Inspection of the Surveillance Monitors in the Security Office.**

On April 13, Plaintiff e-mailed defense counsel a list of topics for a 30 (b)(6) deposition, which included the locations and capabilities of the security cameras at Defendant's store. Defense counsel responded that it takes 10 to 14 days for Wal-Mart to designate a corporate representative. In light of Defendant's willingness to produce a Wal-Mart representative who can testify about the security cameras' capabilities and the camera screen shots (Def. Brief, p. 10), Plaintiff e-mailed defense counsel on April 19 to request deposition dates and agreed to table her request to inspect the surveillance monitors in the security

office at Defendant's store.  Plaintiff sent a follow-up e-mail dated April 23, but received no reply from defense counsel to either the April 19 or April 23 e-mails.[2]  As of this writing, Plaintiff still has not received a response to these e-mails.

Although this aspect of Defendant's Motion appears to be moot in light of Defendant's agreement to produce a witness who can testify meaningfully about the security cameras at its store, Plaintiff is nonetheless compelled to respond to this aspect of Defendant's Motion in light of several amplifications contained therein.  Defendant wrongly contends Plaintiff seeks unfettered access to the security office in its store. (Def. Brief, pp. 6-7).  In reality, Plaintiff's Notice stated "Plaintiff shall inspect the surveillance video monitor(s) of the Asset Protection Office at Defendant's store, including the screen shots for the surveillance cameras in and around the area where Plaintiff slipped and fell on September 23, 2010."  Defendant's suggestion that Plaintiff's "inspection of the 'Asset Protection' room could only be considered a 'fishing expedition'" (Def. Brief, pp. 9-10) is disingenuous.  The plain language of Plaintiff's Notice, as cited above, confirms that Plaintiff had no intention of inspecting, photographing, or videotaping the surveillance office itself.  It remains to be seen how allowing Plaintiff's counsel the opportunity to independently verify that the still screen photographs that Wal-

---

[2] As a result, Plaintiff had no choice but to notice the 30(b)(6) deposition for May 4, 2012, the last day of discovery in this case.  However, counsel also e-mailed defense counsel that the deposition can be rescheduled if the date listed in the notice was not feasible.

5

Mart produced in discovery match-up with what is shown on the monitor screens will "deprive Wal-Mart of the competitive advantage it enjoys over its competitors in the important realm of asset protection."  (Def Brief, p. 10).

The *Polo Realty* case Defendant cites in its Brief is easily distinguishable on its facts.  There, the plaintiff sought virtually unfettered access to oversee the defendant's auction and inspect any documents or electronically stored information in the defendant's possession during the auction.  As the Court noted, the plaintiff's Notice was so broad that it encompassed documents and information <u>not even related to the litigation</u>.  Here, Plaintiff's Notice only sought to examine the security monitors in the office, not an inspection of the entire security room.  Plaintiff exercised care in drafting a narrow and precise Notice in order to confirm first-hand that the images produced by Defendant in discovery are consistent with what is shown on the monitors in the security office and nothing more.  The entire review of the monitors would take fewer than ten minutes.

In addition, Plaintiff made the request out of an abundance of caution.  In a recent state court slip-and-fall case in Gwinnett County, a corporate defendant had its Answer struck after its employees manipulated the positioning of its surveillance cameras in order to gain a tactical advantage over the plaintiff, which

was only discovered during an inspection of the premises that included a review of the surveillance video monitors.

Once again, this aspect of Defendant's Motion appears to be moot at this time given Defendant's agreement to produce a witness to testify about the cameras. However, in the event Defendant fails to produce a witness who can testify meaningfully about their locations and capabilities or there is concern that the security images produced have been modified or altered, Plaintiff should be permitted to enter the security office to inspect the security monitors first-hand.

**B.     Plaintiff's Request to Inspect the CMI Claim Forms.**

As with Plaintiff's Notice of Inspection, Defendant again exaggerates the scope of Plaintiff's Second Request for Production. In Plaintiff's discovery request, she sought "to inspect and copy the original CMI <u>claim forms</u> for all other similar incident at Defendant's store as identified in the General Liability Slip and Fall Incidents Table marked as Exhibit 19 to the deposition of William Brock." (Emphasis added). Defendant's Motion mistakenly enlarges the scope of Plaintiff's original request to include the "Original Store Files"[3] for the 9 prior slip

---

[3] The CMI claim form is a two-page printout created by entering information onto a computer at the store and electronically submitting it to Wal-Mart's claims office. For illustrative purposes, a copy of the CMI claim form for Plaintiff's incident is attached hereto as Exhibit "B." By comparison, Plaintiff presumes the Original Store Files consist of a folder with various documents relating to prior slip-and-fall incidents that may include statements from customers, witnesses, employees, medical records and/or bills, photographs, etc. Plaintiff's discovery request sought only the CMI claim forms for the prior incidents, not the Original Store Files.

and fall incidents at Defendant's store. (Def. Brief, pp. 11-14). Although counsel for both parties previously discussed informally the production of the Original Store Files, Plaintiff did not formally request them in her Second Request for Production of Documents. Instead, she only sought the CMI claim forms for the 9 prior slip and fall incidents.

Plaintiff requested the CMI claim forms because the Slip and Fall Incidents Table that Defendant produced in discovery, attached hereto as Exhibit "C," lacked any meaningful information as to whether the prior slip and fall incidents were substantially similar to Plaintiff's slip and fall. The Claim Descriptions for the entries are extremely vague. By way of example:

- Entry No. 1 states only "CUSTOMER FELL AT SERVICE DESK"

- Entry No. 2 states only "WATER COMING FROM THE COOLER"

- Entry No. 4 states only "CUSTOMER WAS WALKING SLIP AND FELL" (sic)

- Entry No. 5 states only "CUSTOMER SLIPPED ON FRONT END AND FELL"

- Entry No. 6 states only "WALKING FAST TO RESTROOM AND FELL"

- Entry No. 8 states only "CUSTOMER WAS STANDING IN LINE AND FELL"

Prior slip and fall incidents like these bear directly on the issue of constructive knowledge and whether the steps Defendant took to make its store safe for customers, as required by O.C.G.A. § 51-3-1, were reasonable in light of them.  Yet it is impossible to ascertain whether these incidents are substantially similar to the one at issue without additional information.  While Defendant's offer to provide a copy of the store incident reports (Def. Brief, p. 13) is a good start, these alone are not enough.  During discovery in this case, Defendant produced a copy of the store incident report from Plaintiff's slip and fall, attached hereto as Exhibit "D."[4]  By itself, this document provides no meaningful information about Plaintiff's incident at Defendant's store.  It is only when read in conjunction with the CMI claim form that one fully understands what occurred.  Without question, this information falls clearly within the scope of Rule 26, and Defendant should be required to produce the CMI claim forms for the 9 prior slip-and-fall incidents.

It also strains credulity to believe that the names and contact information for those individuals injured in these incidents could somehow "lead to violations of

---

[4] While Defendant also provided copies of employee and witness statements in a subsequent supplemental document production, it remains to be seen whether Defendant's offer includes the production of these documents as well.

9

HIPAA." (Def. Brief, p. 12). Plaintiff's request did not ask for any medical records or other protected health information. Nor is any such protected health information even contained on the CMI claim forms. Defendant's unfounded concerns should not be a basis for excluding the production of relevant information bearing on whether the steps Defendant took to protect customers were reasonable in light of past incidents.

Defendant also complains that Plaintiff's request would be extremely costly and time consuming. Certainly a company the size of Wal-Mart or its claims department can easily locate the CMI claim forms for these past incidents.

Although the entire claims folders for these past incidents may eventually be required if the CMI claims forms lack any meaningful information about these prior slip-and-fall incidents, at this time Plaintiff only seeks the two-page CMI claim forms from the 9 prior slip-and-fall incidents at Defendant's store. As this is a narrowly tailored discovery request that is, more likely than not, reasonably calculated to lead to the discovery of admissible evidence, Plaintiff respectfully requests that this aspect of Defendant's Motion be denied.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion as to the Notice of Inspection as moot and instead order

Defendant to produce a corporate representative to testify about, among other things, the security cameras at its store.  Plaintiff further asks that this Court deny Defendant's Motion as it pertains to the production of the CMI claim forms, the only document sought in Plaintiff's Second Request for Production of Documents that was not produced.  A proposed Order is attached hereto as Exhibit "E" and filed contemporaneously herewith.

      This 30th day of April, 2012.

                                      Respectfully submitted,

                                      **CASH, KRUGLER & FREDERICKS, LLC**

                                      /s/ James A. Robson
                                      Andrew B. Cash
                                      Georgia Bar Number 743459
                                      James A. Robson
                                      Georgia Bar Number 551053

5447 Roswell Road, N.E.
Atlanta, Georgia 30342
(404) 659-1710
acash@ckandf.com
jrobson@ckandf.com
**Counsel for Plaintiff**

## Local Rule 5.1 and 7.1 Certification

Pursuant to Local Rules 5.1 and 7.1, counsel for the Plaintiff certifies that the document has been prepared in Times New Roman, 14-point font, and that the document does not contain more than 10 characters per inch of type.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record:

Albert J. DeCusati, Esq.
Ashley A. Bagiatis, Esq.
3445 Peachtree Road, N.E., Suite 500
Atlanta, Georgia 30326
T: (404) 365-4512
F: (404) 364-3138
adecusati@mclain-merritt.com
ashley.bagiatis@mclain-merritt.com

This 30th day of April, 2012.

                                      **CASH, KRUGLER & FREDERICKS, LLC**

                                      /s/ James A. Robson
                                      Andrew B. Cash
                                      Georgia Bar Number 743459
                                      James A. Robson
                                      Georgia Bar Number 551053

5447 Roswell Road, N.E.
Atlanta, Georgia 30342
(404) 659-1710
acash@ckandf.com
jrobson@ckandf.com
**Counsel for Plaintiff**