IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CHARLES CRAIG WALTERS, JR.
and LISA D. WALTERS,

    Plaintiffs,

v.                                        Civil Action No. 2009C-14740-4

THE KROGER CO., and
JOHN DOES 1-5,

    Defendants.

### ORDER ON PLAINTIFF'S MOTION TO STRIKE ANSWER FOR SPOLIATION OF EVIDENCE, OR IN THE ALTERNATIVE, OTHER APPROPRIATE SANCTIONS

The above matter came before this Court for a hearing on the Plaintiff's Motion to Strike Answer for Spoliation of Evidence, or in the Alternative, Other Appropriate Sanctions. Upon a consideration of the briefs, oral argument, and other pleadings, the Court finds as follows:

This is a premises liability case arising from a fall by the Plaintiff, Charles Craig Walters, Jr., ("Walters") at a retail grocery store operated by the Defendant, The Kroger Co. ("Kroger") located at 4815 Ridge Road, Douglasville, Georgia. Walters alleges he slipped on a foreign substance and sustained serious injuries to his neck, requiring surgery and resulting in permanent injury and disability. The issue in this case is Kroger's alleged destruction of a video surveillance system recording that would have shown Walters' fall and the condition of the area surrounding the fall.

Walters alleges that he was looking for hot dogs near the rear of the store in the meat department when he began to slide and fell to the floor. When he got

1



up he observed a "little pile of goo" on which he had slipped. Kroger manager Peyton Kelley came to the area. Upon his arrival, an unidentified customer wiped the substance from the floor, held it up to Kelley's and said it was a banana.

Walters neither smelled nor made any determination as to what it was but said it was consistent with a piece of banana. Walters testified that prior to his fall he was not aware of any employees in or around the area where the fall occurred. But, after he had fallen and gotten back on his feet, he observed a male store employee located about 15 to 18 feet from where the fall occurred. Walters does not know if that employee saw his fall or what the employee was doing at the time the fall occurred. About 30 minutes after meeting with Walters, Kelley observed a woman checking out who had a baby in the shopping cart eating a piece of banana. It is Kelley's belief that the baby had dropped the piece of banana on which Walters had slipped.

Kroger maintains a video surveillance system in the store with one camera that monitored the area near which Walters slipped and fell. The video recording from the date and time of the incident has been destroyed by Kroger. Walters argues that the spoiled video could have shown that Kroger created the hazard. Spoliation creates a "rebuttable presumption against the spoliator that the evidence favored the spoliator's opponent. The video might have established either actual or constructive knowledge by Kroger of a foreign substance on the floor.

The mere fact that someone was injured does not automatically trigger the

rules of spoliation. According to the testimony of Kroger employees the videos are only saved for 17 days unless there is a reason to hold them further. Kroger asserts that during the 17 days after the incident it had no reason to know or believe that Walters was contemplating litigation.

The incident report forms that Kelley printed to use in this case contain language that says "anticipation of litigation" but Kelley stated that those forms are used for every incident. Kelley stated that he had to fill out the forms but that Walters had refused to provide his name and any other information so the forms were not complete. Kelly further asserts he is confident he reviewed the video in his normal routine and did not preserve the footage as the fall was not captured.

The absence of the video was disclosed to the Plaintiff in the course of discovery. Kroger did produce an image allegedly taken with the surveillance camera which showed the general area of but not the exact location of Walters' fall. Following that disclosure, the Plaintiff took Kelley's deposition at the Douglasville store. During the deposition, Plaintiff's attorney asked to view the video surveillance system and the area covered by the camera in question. After a private discussion among Kroger's counsel and representatives, Kroger agreed to demonstrate the video. The demonstration revealed that the camera was centered on the exact location of Walters' fall and not the location shown in the prior images produced by Kroger and could have clearly shown the exact conditions at the time of Walters' fall and whether Kroger employees knew or should have known of the dangerous condition in that area.

The Court finds that Kroger spoliated evidence in the form of the video

surveillance images. The video could have been maintained at minimal expense to Kroger. The destruction of the evidence prejudiced Walters, the prejudice cannot be cured, and the evidence was of great importance to the case. The Court further finds that Kroger acted in bad faith in failing to preserve the evidence and manipulating evidence to excuse its actions.

As a sanction for Kroger's spoliation of evidence, the Court strikes the following portions of Kroger's answer: First Defense, Second Defense, Third Defense, Fourth Defense, Fifth Defense, and the paragraphs in Seventh Defense numbered 5, 6, 7, and 8. Kroger is hereby precluded from introducing any evidence contesting its negligence in causing the Plaintiff's injuries.

So ordered, this 14th day of December, 2010.

Joseph C. Iannazzone, Judge
State Court of Gwinnett County

Copies to:
Lloyd N. Bell
Bruce Berger
Douglas A. Wilde

4