IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TICORA WILLIAMS,

         Plaintiff,

v.

WAL-MART STORES EAST, LP,

         Defendant.

_____/

Civil Action File No.
1:11-cv-03712-RLV

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY**

COMES NOW Plaintiff and hereby files her Brief in Opposition to Defendant's Motion for a second extension of the discovery period, showing this Court as follows:

**FACTUAL BACKGROUND/PROCEDURAL POSTURE**

This a garden-variety slip and fall case that Defendant Wal-Mart removed from the State Court of Fulton County based on diversity of citizenship. [Doc. 1]. This case does <u>not</u> involve a large number of parties or defenses, there are no exceptionally complex factual issues, the volume of evidence is not greater than normal, there is no pending parallel investigations or actions by the government, there is no discovery outside the borders of the United States, and there are no highly technical issues of proof involved. [*See* Doc. 14 at pg. 2]. This case was

assigned to a four-month discovery track, and the Court has already granted one consent motion to extend the original discovery period by 45 days.  [Doc. 34].

As discussed below, Defendant has failed to show good cause for modifying the Court's Scheduling Order.  Consequently, Plaintiff respectfully requests the Court deny Defendant's Motion.

## **ARGUMENT/CITATION OF AUTHORITIES**

Under Federal Rule of Civil Procedure 16, a scheduling order can be modified only for good cause and with the judge's consent.  Fed. R. Civ. P. 16 (b) (4).  As the Eleventh Circuit has stated, "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 14818 (11th Cir. 1998) (per curiam) (emphasis added).  Courts may also consider the existence or degree of prejudice to the party opposing the modification as well as other relevant factors.  *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citation omitted).  Importantly, even in the event the moving party makes the requisite showing, the trial court retains discretion as to whether to grant the motion.  *Id.*

On November 14, 2011, this Honorable Court entered a Scheduling Order setting forth various time limits to add parties, amend the pleadings, file motions,

and complete discovery.  [Doc. 14].  The Court's Scheduling Order provided for a four-month period of discovery, which this Court later extended an additional 45 days at the parties' request.  [Doc. 34].  In fact, the only reason the parties requested an initial extension of the discovery period was due to defense counsel's scheduling difficulties and to accommodate the defense witnesses' schedules.

Plaintiff's counsel has worked tirelessly to move this case forward, including at times taking three and four depositions of Defendant's employees in the same day.  [*See* Doc. 17, 18, and 37].  While one of Plaintiff's treating doctors, Dr. Obinwanne Ugwonali, did have to reschedule his deposition, Defendant neglects to mention that defense counsel also cancelled Dr. Ugwonali's deposition on a separate occasion for undisclosed reasons.  Regardless, Defendant has now deposed Dr. Ugwonali and Defendant's Motion fails to explain why past scheduling conflicts necessitate further extending discovery by another month.

The main thrust of Defendant's Motion seems to center on its desire to further explore irrelevant information about ML Healthcare, a non-party that provides assistance to plaintiffs who lack health insurance.  Like any private health insurer, ML Healthcare's payments on behalf of plaintiffs constitute a collateral source that would not be admissible at trial.  As such, any information about what or whom ML Healthcare pays is neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence.  Additionally, the prejudicial impact of such evidence greatly outweighs its non-existent probative value.  Notwithstanding the fact that Defendant's subpoena to ML Healthcare is nothing more than a "fishing expedition," ML Healthcare has already responded to the subpoena by filing a Motion to Quash [Doc. 62] those overly broad portions of the subpoena while also agreeing to produce certain responsive documents that it deemed unobjectionable.

Defendant also neglects to mention that while it questioned Dr. Pollydore extensively about his relationship with ML Healthcare during his deposition on March 8, 2012, it waited until May 1, 2012, to serve a subpoena on ML Healthcare requesting various documents from the company.  Certainly, Defendant's inaction by waiting nearly two months to send a non-party document request to ML Healthcare does not constitute diligence on its part.

Concerning the "unilaterally noticed" depositions, it is shocking that Defendant would complain about such a procedure when it unilaterally noticed each and every deposition it has taken in this case without any prior consultation of Plaintiff's counsel.[1]   Regardless, Plaintiff only noticed the two remaining

---

[1] While the Defendant's unilaterally noticed depositions were later amended by agreement as was done with the two remaining Plaintiff's depositions, Defendant did so only after it filed the original deposition notices on the CM/ECF system.

depositions of "Ross" and Wal-Mart's 30(b)(6) representative after trying several times to obtain mutually agreeable dates from defense counsel for a day inside the discovery period.   In fact, Plaintiff was unable to depose "Ross" earlier in the discovery period because Defendant <u>never</u> formally identified him as a potential witness in any of its discovery responses.   Only when Defendant failed to provide dates for these depositions did Plaintiff have no choice but to unilaterally notice them for the final days of the discovery period.   Out of professional courtesy for defense counsel's schedule, Plaintiff agreed to reset the depositions for May 17th and May 18th.

In its Brief, Defendant incorrectly states that Plaintiff's own subpoena to non-party Allied Barton Security falls outside the current expiration of discovery. However, a review of the subpoena confirms the deadline for a response was May 4, 2012 [Doc. 48-1], which pre-dated the extended discovery period that ended on May 5, 2012.

Finally, Defendant claims that its Motion will not prejudice either party and is being made to complete "additional discovery" including "the depositions of various witnesses, a medical examination of the Plaintiff, and records from certain non-parties who have an interest in this litigation."   (*See* Def.'s Brief, p. 4).   As stated above, the last remaining depositions are scheduled for tomorrow and

Friday, which was done solely to accommodate the defense attorney's schedule, Plaintiff opposes the requested Rule 35 examination and has filed an Objection with the Court [Doc. 65], and the non-party whom Defendant claims has an interest in the case, ML Healthcare, has already responded to Defendant's subpoena [Doc. 62]. Respectfully, there is no "additional discovery" that needs to be undertaken so as to warrant another modification of the Court's Scheduling Order.

As a final matter, Plaintiff's slip and fall incident occurred nearly two years ago, and she has been pursuing this litigation since early-October 2011. By removing this case to federal court, Defendant knew or should have known discovery would move at a quicker pace than is often the case in state court. Plaintiff deserves her day in Court, and Defendant has failed to show good cause in moving this Court for a second extension of the discovery period.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Motion. A proposed Order is attached hereto as Exhibit "A" and filed contemporaneously herewith.

This 16th day of May, 2012.

Respectfully submitted,

**CASH, KRUGLER & FREDERICKS, LLC**

/s/ James A. Robson
Andrew B. Cash
Georgia Bar Number 743459
James A. Robson
Georgia Bar Number 551053

5447 Roswell Road, N.E.
Atlanta, Georgia 30342
(404) 659-1710
acash@ckandf.com
jrobson@ckandf.com
**Counsel for Plaintiff**

**Local Rule 5.1 and 7.1 Certification**

Pursuant to Local Rules 5.1 and 7.1, counsel for the Plaintiff certifies that the document has been prepared in Times New Roman, 14-point font, and that the document does not contain more than 10 characters per inch of type.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **PLAINTIFF'S**

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION**

**OF DISCOVERY** with the Clerk of Court using the CM/ECF system which will

automatically send email notification of such filing to attorneys of record:

Albert J. DeCusati, Esq.
Ashley A. Bagiatis, Esq.
3445 Peachtree Road, N.E., Suite 500
Atlanta, Georgia 30326
T: (404) 365-4512
F: (404) 364-3138
adecusati@mclain-merritt.com
ashley.bagiatis@mclain-merritt.com

This 16th day of May, 2012.

**CASH, KRUGLER & FREDERICKS, LLC**


/s/ James A. Robson
Andrew B. Cash
Georgia Bar Number 743459
James A. Robson
Georgia Bar Number 551053

5447 Roswell Road, N.E.
Atlanta, Georgia 30342
(404) 659-1710
acash@ckandf.com
jrobson@ckandf.com
**Counsel for Plaintiff**