IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TICORA WILLIAMS,

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.

Civil Action File No. 1:11-cv-03712-RLV

________________________________/

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR PROTECTIVE ORDER**

COMES NOW Plaintiff, by and through counsel, and hereby files her Brief in Opposition to Defendant's Second Motion for Protective Order, showing this Court as follows:

**BACKGROUND/PROCEDURAL POSTURE**

Despite the unequivocal language of Rule 37, prior to filing the instant Motion, Defendant never attempted in good faith to confer with Plaintiff's counsel to discuss the objectionable portions of Plaintiff's 30(b)(6) Deposition Notice in lieu of Court action. Plaintiff first e-mailed defense counsel to request dates for a 30(b)(6) deposition of Defendant Wal-Mart on April 12, 2012. The following day, April 13, and at defense counsel's request, Plaintiff outlined the proposed topics for the deposition. Defense counsel agreed to work with Plaintiff on the request

and advised it would take 10 to 14 days to receive a response from Wal-Mart as to the proper corporate designee. When no concrete date for the 30(b)(6) deposition was forthcoming from Defendant, Plaintiff was left with no choice but to file the 30(b)(6) Notice on April 24, 2012, setting May 3rd as the date for the deposition.[1]

Thereafter, counsel for the parties remained in regular communication with one another about various scheduling issues and discovery matters, yet Defendant never called Plaintiff's counsel to confer on the scope of Plaintiff's 30(b)(6) deposition notice. The first time Defendant indicated it had "a couple of questions/concerns on the 30(b)(6)" was in an e-mail to Plaintiff's counsel at 8:18 p.m. on May 1, 2012. Defense counsel indicated he would contact Plaintiff's counsel the following day to discuss the matter, but no phone call was forthcoming. Instead, Defendant filed the instant Motion.

As discussed more fully below, Defendant's Motion is both procedurally and substantively defective. As such, Plaintiff respectfully requests that it be denied.

**ARGUMENT AND CITATION OF AUTHORITY**

Federal Rule of Civil Procedure 26 provides, in pertinent part, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the

[1] By agreement, the deposition was later re-scheduled and did, in fact, take place on May 17, 2012.

trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b) (1) (emphasis added). "So long as the information sought is more likely than not reasonably calculated to lead to discovery of admissible evidence, the matter sought from the opposing party must be provided." *Jones v. Colorcraft Corp.*, 1983 US Dist. LEXIS 14888 at *2 (S.D. Ga. 1983) (emphasis added). Pursuant to Rule 37(b), the moving party shall certify that he has in good faith conferred or attempted to confer with the other affected parties to resolve the dispute without court action. Fed. R. Civ. P. 37 (b) (1).

It can hardly be said that a vague statement in an e-mail sent the evening before this Motion was filed constitutes a "good faith" attempt to confer. Furthermore, Defendant's Motion consists mainly of boilerplate objections without any real substance. Defendant appears to object to each and every topic outlined in Plaintiff's 30 (b) (6) Notice. Taking each topic in turn, Plaintiff responds as follows:

**A. Topic One: Policies and Procedures for Preparing Incident Reports, Claim Forms, and Video Surveillance Footage.**

Plaintiff seeks to depose Defendant about its policies and procedures that speak to preparing and retaining customer incident reports, claim forms, and video surveillance footage. While Defendant alleges the request is over broad, unduly

burdensome and not properly limited in time, breadth or scope (Def.'s Motion, p. 3), it fails to provide any meaningful explanation for these objections. The only specific objection appears to be that the request extends beyond the date of the incident to the present. Plaintiff does not intend on deposing the 30(b)(6) witness about current policies and procedures beyond establishing how, if at all, they have changed since 2010. While the admissibility of such evidence is limited at trial, it can be admitted in certain instances to prove, for example, the feasibility of precautionary measures. Fed. R. Evid. 407. Plaintiff should be permitted to a thorough and sifting cross-examination of Defendant Wal-Mart about those policies in place in its store on September 23, 2010, including modifications or changes made thereafter.

**B. Topic Two: Policies and Procedures as to Customer Safety.**

Defendant's allegation that Plaintiff's Notice as to Topic Number Two is "not limited in terms of time, breadth, or scope at all" (Def's Brief, p. 3) ignores the language of the 30 (b) (6) Notice. Topic Number Two sought information about policies and procedures pertaining to customer safety as it relates to wet floors, slipping/tripping hazards, floor maintenance, spill clean-up, safety cone placement, and safe mopping practices. Clearly, the notice speaks for itself as to the scope of the request. Plaintiff does not intend to ask about customer safety in

the parking lot, employee safety, etc. and is only interested in those policies and procedures in place on the day of the incident.

**C. Topic Three: Defendant's Discovery Responses.**

Plaintiff should be entitled to learn the facts and bases for Defendant's responses to Plaintiff's Interrogatories and Request for Production of Documents. In particular, Defendant has asserted Plaintiff was contributorily negligent, assumed the risk of injury, was not in the exercise of ordinary care for her own safety, and failed to exercise ordinary care in avoiding an open and obvious hazard. (*See* Def.'s Answer, 2nd, 3rd, and 5th Defenses; *see also* Def.'s Resp. to Plt.'s 1st Interrogs., Par. 2). Plaintiff would presume that Defendant had a good faith basis for raising these defenses in its Answer and its discovery responses. Although Defendant contends that the checkout register where the incident occurred "was obviously closed and blocked," elsewhere in its response Defendant states "Defendant will need to supplement." As apparently there are additional facts that have not been disclosed pertaining to these affirmative defenses, Plaintiff should be allowed to examine Defendant Wal-Mart extensively on this topic.

**D. Topic Four: Facts and Circumstances Giving Rise to Prior Claims Contained in the Loss Table Produced by Defendant in Discovery.**

In discovery, Defendant produced a table listing 9 prior slip and fall claims at its store.[2] As explained more fully in Plaintiff's Response to Defendant's First Motion for Protective Order [Doc. 53, pp. 8-9], the information Defendant Wal-Mart has provided about these prior incidents makes it nearly impossible to tell whether they are substantially similar to the incident involving Mrs. Williams. By way of example:

- Entry No. 1 states only "CUSTOMER FELL AT SERVICE DESK"
- Entry No. 2 states only "WATER COMING FROM THE COOLER"
- Entry No. 4 states only "CUSTOMER WAS WALKING SLIP AND FELL" (sic)
- Entry No. 5 states only "CUSTOMER SLIPPED ON FRONT END AND FELL"
- Entry No. 6 states only "WALKING FAST TO RESTROOM AND FELL"

At the 30(b)(6) deposition, Defendant Wal-Mart's representative admitted he lacked any additional information about what occurred in each of these incidents

[2] Subsequent to the filing of Plaintiff's 30(b)(6) Deposition Notice, Defendant produced the 9 CMI Claim Forms for these prior incidents. However, these forms provide just general information about what allegedly occurred, rather than specific information.

beyond what was contained on the 9 CMI Claim Forms. Each of these incidents occurred at the same store where Plaintiff was injured. The *State Farm* case that Defendant cites in its Brief is easily distinguishable on its facts because it involved dissimilar out-of-state conduct. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 414 (2003). In the instant case, evidence about prior similar incidents bears directly on the issue of Defendant's constructive knowledge and whether the steps Defendant took to make its store safe for customers, as required by O.C.G.A. § 51-3-1, were reasonable in light of these past incidents. In addition, where a defendant, on account of its prior knowledge, is aware of a "potentially hazardous situation" but does "nothing to rectify the situation," it can be held liable for punitive damages. *Concrete Constr. Co. v. Atlanta*, 176 Ga. App 873, 875 (1985). For multiple reasons, this information falls within the ambit of Rule 26 and Defendant's Motion in this regard should be denied.

**E. Topic Five: Defendant's Security Cameras on September 23, 2010**

By including this topic, Plaintiff only intended on asking about those cameras in proximity to the area of her fall, not the grocery department, clothing department or parking lot. Because of Plaintiff's lack of familiarity with the numbering system Defendant employs in its store for its camera system, Plaintiff was unable to more narrowly craft her deposition notice. Defendant's objection in

this regard is a prime example for why Rule 37's "good faith" consultation requirement exists.

**F. Topics Six and Seven: The facts and circumstances surrounding the termination of Defendant's former Assistant Manager and the investigation of the facts and circumstances surrounding Plaintiff's fall.**

Defendant's objection appears to be mere boilerplate that lacks any specifics for why these topics are objectionable. Plaintiff has no intention of asking Defendant's 30(b)(6) representative to disclose information "protected by attorney/client communication and/or attorney work product privilege and/or information prepared in anticipation of litigation." (Def.'s Brief, p. 6). Plaintiff presumes that defense counsel will know how and when to assert objections during the deposition in the event a question infringes on a claimed privilege. Defendant's effort to seek a protective order and/or quash Plaintiff's properly noticed deposition entirely because of such premature concerns is wholly improper.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Second Motion for Protective Order. A proposed Order is attached hereto as Exhibit "A" and filed contemporaneously herewith.

This 21st day of May, 2012.

Respectfully submitted,

**CASH, KRUGLER & FREDERICKS, LLC**

/s/ James A. Robson
Andrew B. Cash
Georgia Bar Number 743459
James A. Robson
Georgia Bar Number 551053

5447 Roswell Road, N.E.
Atlanta, Georgia 30342
(404) 659-1710
acash@ckandf.com
jrobson@ckandf.com
**Counsel for Plaintiff**

**Local Rule 5.1 and 7.1 Certification**

Pursuant to Local Rules 5.1 and 7.1, counsel for the Plaintiff certifies that the document has been prepared in Times New Roman, 14-point font, and that the document does not contain more than 10 characters per inch of type.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record:

Albert J. DeCusati, Esq.
Ashley A. Bagiatis, Esq.
3445 Peachtree Road, N.E., Suite 500
Atlanta, Georgia 30326
T: (404) 365-4512
F: (404) 364-3138
adecusati@mclain-merritt.com
ashley.bagiatis@mclain-merritt.com

This 21st day of May, 2012.

**CASH, KRUGLER & FREDERICKS, LLC**

/s/ James A. Robson
Andrew B. Cash
Georgia Bar Number 743459
James A. Robson
Georgia Bar Number 551053

5447 Roswell Road, N.E.
Atlanta, Georgia 30342
(404) 659-1710
acash@ckandf.com
jrobson@ckandf.com
**Counsel for Plaintiff**