IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TICORA WILLIAMS,

              Plaintiff,

v.

WAL-MART STORES EAST, LP,

              Defendant.

_____/

Civil Action File No.
1:11-cv-03712-RLV

**DEFENDANT WAL-MART STORES EAST, LP'S RESPONSE
TO NON-PARTY ML HEALTHCARE'S
MOTION TO QUASH SUBPOENA AND OBJECTIONS TO SUBPOENA**

COMES NOW Defendant Wal-Mart Stores East, LP (hereinafter "Defendant"), and pursuant to Local Rule 7.1, hereby responds to Non-Party ML Healthcare, LLC's Motion to Quash Subpoena and Objections to Defendant's Subpoena for Production of Documents to a Non-Party. Defendant's Motion to Compel and to Enforce Subpoena will follow by separate pleading.

As set forth more fully, herein, Defendant's Subpoena to Non-Party ML Healthcare, LLC (hereinafter "MLH") is proper, and the Motion to Quash should be DENIED for the following reasons:

- MLH is not an insurance company or a medical provider. It does not "insure" people before an accident or before medical treatment. Rather,

MLH becomes involved "after the fact" to <u>fund</u> litigation by paying all or a portion of an individual's medical services at reduced rate <u>as an investment</u>. Indeed, MLH is a quasi-venture capitalist company that bets on litigation, and receives a return on their investment through litigation;

- Through the "funding" of or "bet" on the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. In particular, the nature and extent of MLH's interest in this litigation is relevant to bias, credibility, impeachment, and to causation of damages. Thus, the information sought by Defendant is clearly discoverable;

- MLH may not hide behind the "collateral source rule" under Georgia law in its failure to comply with Defendant's proper subpoena for production of documents to a non-party. MLH is not an insurer or medical provider subject to the "collateral source rule". It is a quasi-venture capitalist company, not subject to the collateral source rule;

- Further, the collateral source rule does not preclude <u>discovery</u> on the third-party benefits provided by MLH to Plaintiff Williams. The

collateral source rule merely precludes the introduction of evidence concerning benefits from a third party at trial;

• MLH's reliance on a "trade secret" objection is not a proper basis for failing to respond to Defendant's subpoena.  There is no true privilege against discovery of trade secrets or other "confidential" business information; and

• Defendant's requests for production of documents to non-party MLH are properly limited in terms of time, scope, and breadth, are not unduly burdensome, and seek information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case.

## **Argument and Citation of Authority**

I. **Defendant's requests to non-party MLH seek information that is relevant and discoverable**

Generally speaking, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible in court in order to be relevant for discovery purposes. Fed. R. Civ. P. 26(b)(1).

Under Rule 34, a party may serve on any other party a request within the scope of Rule 26(b). Likewise, Rule 45, Federal Rule of Civil Procedure Advisory Committee notes, 1991 Amendment, Subdivision (a), provides that the non-party witness is subject to the same scope of discovery [under Rule 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34.

Now that MLH has challenged the relevancy of Defendant Wal-Mart's subpoena and request for documents, all Wal-Mart must do is to "articulate the possible linkage between the discovery sought and admissible evidence." 7 Moore's Federal Practice §37.22[2][B].

As set forth more fully, herein, the information sought by Defendant is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation by allowing MLH to pay all or a portion of their medical services directly or indirectly to medical providers. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable.

Defense counsel has handled a number of similar personal injury cases with MLH and other funding companies. (Affidavit of Albert J. Decusati, attached hereto as Exhibit "A"). In similar personal injury cases involving MLH and other funding companies, defense counsel has noticed that many of the same doctors are involved in the treatment of the plaintiffs. (Exhibit "A"). In fact, Defense counsel's investigation into this case and in other cases reveals that some doctors may have a financial interest or stake in the funding company. (Id.). In turn, the medical providers have a financial incentive to find causation of damages for their patients during litigation. (Id.). Arguably, the funding companies are not neutral parties to the litigation, nor are the companies involved in an arm's length transaction with the medical providers.

The funding companies, such as MLH, are not insurance companies, nor are

they medical providers.  (Id.).  They do not insure people before an accident.  (Id.). These funding companies, like MLH, are capital investors that bet on litigation.  (Id.). The funding companies come in "after the fact". (Id.).   Thus, the "medical bills" that are produced in litigation from funding companies like MLH are not necessarily "real" medical bills.  (Id.). They are oftentimes purposely inflated bills that do not reflect the true cost of the medical treatment of a patient. (Id.).  Rather, these inflated medical bills are used as negotiating tools in litigation, and represent the profit the funding companies hope to receive on their investment.  (Id.).

Accordingly, Defendant shows a possible linkage between the discovery to MLH and admissible evidence.  Defendant has a good faith belief that Ms. Williams's treating physicians have an incentive to causally relate her alleged injuries to the incident in question.   If the physicians do not find causation, then MLH does not receive payment for "funding" of this litigation.  Thus, the extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.  Accordingly, the information sought by Defendant is discoverable.  Defendant's response to non-party MLH's objections to the specific document requests is attached hereto as Exhibit "B".

Defendant is merely requesting some thorough discovery and investigation into MLH's funding of the litigation at issue.  Defendant would even agree to a protective order for the discovery information produced by MLH in response to the subpoena, with the understanding that the Court would later decide what information is admissible.

## II.   The "collateral source" objections to Defendant's subpoena are improper

MLH may not hide behind the "collateral source rule" under Georgia law in its failure to comply with Defendant's subpoena for production of documents to a non-party.  MLH is not an insurer or medical provider subject to the "collateral source rule".  It is a venture capitalist company, not subject to the collateral source rule

Furthermore, the collateral source rule has nothing to do with Defendant's discovery requests to non-party MLH.  While the collateral source rule generally excludes evidence that a plaintiff has received some benefits or compensation for his losses or injuries from sources outside the tort system, the rule does not prohibit discovery on medical benefits or compensation. See Denton v. Con-Way Southern Exp., Inc., 261 Ga. 41 (1991).  In other words, the collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.  Thus, Defendant's

requests numbers 1-12 properly seek information that is relevant and discoverable.

Furthermore, the "bills" from MLH for Ms. Williams's medical treatment are not true "medical bills". Again, they appear to be purposely inflated bills that do not reflect the true cost of the medical treatment of a patient. (Exhibit "A"). Rather, these inflated medical bills are used as negotiating tools in litigation, and represent the profit on the funding companies' investment in the litigation. (Id.). Thus, Defendant's request for the actual tax returns or forms from MLH is reasonable and necessary. The tax information is needed in order to determine the true and accurate source of the medical payments for Plaintiff's treatment at issue which would not necessarily be reflected in the "bills" produced by MLH in litigation.

Moreover, it should not be overlooked that evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996), citing Waits v. Hardy, 214 Ga. 495, 496 (1958) (collateral source evidence is admissible for impeachment); Matheson v. Stilkenboom, 251 Ga. App. 693, 695-696 (2001) (collateral source evidence admissible for impeachment purposes); McGee v. Jones, 232 Ga. App. 1 (1998); Garrison v. Rich's, 154 Ga. App. 663, 664 (1980) (evidence of collateral source payments admissible with regard to causation of

injury).  Accordingly, the information sought by Defendant from non-party MLH is clearly discoverable given its interest in this litigation, and the information sought may subsequently be admissible at trial for bias, impeachment, or causation of damages.

Again, whether the information sought is admissible is entirely separate from whether it is discoverable under Federal Rule of Civil Procedure 26(b).  MLH's failure to comply with Defendant's subpoena under "collateral source rule" objections is improper.

## III.   The "trade secret" objections to Defendant's subpoena are improper

There is no true privilege against discovery of trade secrets or other "confidential" business information.  1 Moore, Federal Practice, par. 0.60(6) (2d ed., 1964). The courts may exercise their discretion to avoid unnecessary disclosure of trade secret information, particularly where the actions is between competitors. Id. However, this action has nothing to do with MLH's competitors in the "litigation funding" business.  Further, the Supreme Court has recognized in dicta that

Orders forbidding any disclosure of trade secrets or confidential commercial information are rare.  More commonly, the trial court will enter a protective order restricting disclosure to counsel or to the parties.

<u>Mycogen Plant Science, Inc v. Monsato Co.</u>, 164 F.R.D. 623, 626, FN 7 (E.D. Pa. 1996), citing <u>Federal Open Market Committee v. Merrill</u>, 443 U.S. 340, 362 n. 24, 99 S.Ct. 2800, 2813 n. 24, 61 L.Ed.2d 587 (1979).

The party from whom discovery is sought bears the initial burden of establishing by competent evidence that the information sought is a "trade secret", and that its disclosure would be harmful. <u>See</u> <u>Coca-Cola Bottling Co. of Shreveport, Inc. v. The Coca-Cola Co., et. al.</u>, 107 F.R.D. 288, 292-293 (D. Del. 1985); <u>see</u> <u>R & D Business v. Xerox</u>, 152 F.R.D. 195 (D. Col. 1993). MLH has failed to make any showing as to how the information sought by Defendant constitutes non-discoverable trade secrets in this case, other than through conclusory and general allegations. For instance, MLH has failed to show how agreements with medical providers constitute "trade secrets". MLH has also failed to show how it "protects" any alleged "trade secrets" in its agreements with medical providers from third party competitors. <u>See</u> <u>American Std, Inc. V. Pfizer, Inc.</u>, 828 F.2d 734 (Fed. Cir. 1987). To date, non-party MLH has not provided to the Court or to Defendant a privilege log regarding the requested documents that the information sought is protected. Fed. R. Civ. P. 45(d)(2)(A)(ii). Even if MLH made such a showing to the Court, an appropriate protective order limiting the dissemination of the requested information would be the

proper remedy.

Further, MLH has not shown by competent evidence how it would be harmed by producing the requested information to Defendant in this case.  Indeed, harm to MLH is unlikely in this case because none of the parties to the instant litigation are its competitors.  See United States v. United Fruit Co., 410 F.2d 553, 556 (5th Cir. 1969).  Again, any alleged harm from public disclosure could be remedied with an appropriate protective order, should MLH prove "good cause" for an order pursuant to Fed. R. Civ. P. 26(c).

Finally, Defendant has shown that the discovery sought from MLH is relevant to its defense of causation of damages, as well as to bias, credibility, and impeachment evidence.  See Fed. R. Civ. P. 45; see Mycogen Plant Science, Inc v. Monsato Co., 164 F.R.D. 623, 626 (E.D. Pa. 1996).  The information sought by Defendant is necessary to prepare its case for trial, which includes proving its defenses and rebutting Plaintiff's theories as to causation of damages.  See Pennwalt Corp. v. Plough, Inc., 85 F.R.D. 257, 259 (D. Del. 1979).  Defendant further shows that the requested information is not available by other means.  Thus, the Defendant's need for the information and the relevancy of the information clearly exceed MLH's purported need to maintain confidentiality of the requested documents.

**IV.    Defendant Wal-Mart's non-party requests are proper in terms of breadth and scope**

As set forth, *supra*, Defendant's requests for production of documents to non-party MLH are properly limited in terms of time, scope, and breadth, are not unduly burdensome, and seek information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case. The incident in question occurred on September 23, 2010, and Plaintiff's medical treatment for her alleged reportedly began on said date. (See Complaint). Thus, Defendant's request for documents from non-party MLH dating back to just eight years prior to the incident in question is not egregiously overbroad.

Pursuant to Fed. R. Civ. Rule 45(c)(3)(A)(iv), non-party MLH has failed to demonstrate otherwise. MLH has failed to demonstrate that Defendant's non-party requests for production of documents would be "unduly burdensome", or are otherwise objectionable. Mere boilerplate objections to the Defendant's discovery requests are improper. See Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 698 (N.D. Ga. 2007); see also Sabol v. Brooks, 469 F.Supp.2d 324, 329 (D. Md. 2006) ("[The non-party served with a subpoena containing document requests] did not particularize its objections to these requests, and instead used the boilerplate objections that this

-12-

Court repeatedly has warned against, thereby waiving its objections.").

For all the foregoing reasons, Defendant requests that the Court <u>deny</u> Non-Party MLH's Motion  to Quash Subpoena.

This the 30th day of May, 2012.

McLAIN & MERRITT, P.C.

 /s/ Albert J. DeCusati
Albert J. DeCusati
Georgia Bar Number 215610
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-1276
(404) 266-9171

Pursuant to Local Rules, counsel for Defendant certify that the document has been prepared in Times New Roman, 14 point font, and that the document does not contain more than 10 characters per inch of type.

## CERTIFICATE OF SERVICE

This is to certify that on <u>May 30, 2012</u>, I electronically filed **DEFENDANT'S**

**RESPONSE TO NON-PARTY ML HEALTHCARE'S MOTION TO QUASH**

**SUBPOENA** with the Clerk of Court using the CM/ECF system which will

automatically send email notification of such filing to attorneys of record.

This the 30th day of May, 2012.

McLAIN & MERRITT, P.C.


   <u>/s/ Albert J. DeCusati</u>
Albert J. DeCusati
Georgia Bar Number 215610
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-1276
(404) 266-9171