## DEFENDANT WAL-MART STORES EAST, LP'S RESPONSE TO NON-PARTY ML HEALTHCARE, LLC'S OBJECTIONS TO DOCUMENT REQUESTS:

1.

The complete contract between ML Healthcare Services, LLC and Resurgens Orthopaedics.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff.  *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others.  The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

The documents sought are protected trade secrets which MLH protects from



disclosure to third parties.  Their disclosure to similarly situated companies and insurance providers would result in those parties obtaining an unfair commercial advantage. *See* Fed. R. Civ. P. 45(c)(3)(B)(I) (subpoena may be quashed where it requires disclosures of a trade secret).

The document request is overbroad as it requests the agreements regardless of their relevance to the underlying litigation. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

**Defendant Wal-Mart's Reply**:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise.  Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable.  The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment.  Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable.  There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law.

MLH is not an insurance company or a medical provider.  Further, the rule does not prohibit discovery on medical benefits or compensation.  See Denton v. Con-Way Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.  Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

MLH's "trade secret" objections to Defendant's subpoena are improper.  There is no true privilege against discovery of trade secrets or other "confidential" business information.  MLH has failed to make any showing as to how the information sought by Defendant constitutes non-discoverable trade secrets or how it would be harmed by the dissemination of alleged "trade secrets" in this case, other than through conclusory and general allegations.

Defendant's request is properly limited in terms of time, scope, and breadth, are not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case stemming from an alleged

-3-

incident that occurred on September 23, 2010.

2.

The complete contract between ML Healthcare Services, LLC and Key Health Medical Solutions, Inc.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

The documents sought are protected trade secrets which MLH protects from disclosure to third parties. Their disclosure to similarly situated companies and

-4-

insurance providers would result in those parties obtaining an unfair commercial advantage. *See* Fed. R. Civ. P. 45(c)(3)(B)(I) (subpoena may be quashed where it requires disclosures of a trade secret).

The document request is overbroad as it requests the agreements regardless of their relevance to the underlying litigation. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

**Defendant Wal-Mart's Reply**:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not

prohibit discovery on medical benefits or compensation. <u>See</u> <u>Denton v. Con-Way Southern Exp., Inc.</u>, 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.   Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. <u>See e.g.</u>, <u>Warren v. Ballard</u>, 266 Ga. 408, 408-410 (1996).

MLH's "trade secret" objections to Defendant's subpoena are improper.  There is no true privilege against discovery of trade secrets or other "confidential" business information.   MLH has failed to make any showing as to how the information sought by Defendant constitutes non-discoverable trade secrets or how it would be harmed by the dissemination of alleged "trade secrets" in this case, other than through conclusory and general allegations.

Defendant's request is properly limited in terms of time, scope, and breadth, are not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case stemming from an alleged incident that occurred on September 23, 2010.

3.

The complete contract between ML Healthcare Services, LLC and Premier South Medical Group, P.C.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others.  The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

The documents sought are protected trade secrets which MLH protects from disclosure to third parties.  Their disclosure to similarly situated companies and insurance providers would result in those parties obtaining an unfair commercial

advantage. *See* Fed. R. Civ. P. 45(c)(3)(B)(I) (subpoena may be quashed where it requires disclosures of a trade secret).

The document request is overbroad as it requests the agreements regardless of their relevance to the underlying litigation. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

**Defendant Wal-Mart's Reply**:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not prohibit discovery on medical benefits or compensation. See <u>Denton v. Con-Way</u>

Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.   Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

MLH's "trade secret" objections to Defendant's subpoena are improper.  There is no true privilege against discovery of trade secrets or other "confidential" business information.  MLH has failed to make any showing as to how the information sought by Defendant constitutes non-discoverable trade secrets or how it would be harmed by the dissemination of alleged "trade secrets" in this case, other than through conclusory and general allegations.

Defendant's request is properly limited in terms of time, scope, and breadth, are not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case stemming from an alleged incident that occurred on September 23, 2010.

4.

The complete contract between ML Healthcare Services, LLC and Peachtree Orthopaedic Clinic and/or Shevin D. Pollydore, M.D., and/or Obinwanne Ugwonali, M.D., and/or Kay Kirpatrick, M.D.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

The documents sought are protected trade secrets which MLH protects from disclosure to third parties. Their disclosure to similarly situated companies and

insurance providers would result in those parties obtaining an unfair commercial advantage. *See* Fed. R. Civ. P. 45(c)(3)(B)(I) (subpoena may be quashed where it requires disclosures of a trade secret).

The document request is overbroad as it requests the agreements regardless of their relevance to the underlying litigation. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

**Defendant Wal-Mart's Reply**:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not

prohibit discovery on medical benefits or compensation. See <u>Denton v. Con-Way Southern Exp., Inc.,</u> 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.   Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., <u>Warren v. Ballard,</u> 266 Ga. 408, 408-410 (1996).

MLH's "trade secret" objections to Defendant's subpoena are improper. There is no true privilege against discovery of trade secrets or other "confidential" business information.   MLH has failed to make any showing as to how the information sought by Defendant constitutes non-discoverable trade secrets or how it would be harmed by the dissemination of alleged "trade secrets" in this case, other than through conclusory and general allegations.

Defendant's request is properly limited in terms of time, scope, and breadth, are not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case stemming from an alleged incident that occurred on September 23, 2010.

-12-

5.

The complete contract between ML Healthcare Services, LLC and Shawn Jones, DC.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

The documents sought are protected trade secrets which MLH protects from disclosure to third parties. Their disclosure to similarly situated companies and insurance providers would result in those parties obtaining an unfair commercial

-13-

advantage. *See* Fed. R. Civ. P. 45(c)(3)(B)(I) (subpoena may be quashed where it requires disclosures of a trade secret).

The document request is overbroad as it requests the agreements regardless of their relevance to the underlying litigation. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

**Defendant Wal-Mart's Reply**:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not prohibit discovery on medical benefits or compensation. See <u>Denton v. Con-Way</u>

-14-

Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.   Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

MLH's "trade secret" objections to Defendant's subpoena are improper.  There is no true privilege against discovery of trade secrets or other "confidential" business information.   MLH has failed to make any showing as to how the information sought by Defendant constitutes non-discoverable trade secrets or how it would be harmed by the dissemination of alleged "trade secrets" in this case, other than through conclusory and general allegations.

Defendant's request is properly limited in terms of time, scope, and breadth, are not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case stemming from an alleged incident that occurred on September 23, 2010.

-15-

6.

The complete contract between ML Healthcare Services, LLC and Peachtree Orthopaedic Physical Therapy.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

The documents sought are protected trade secrets which MLH protects from disclosure to third parties. Their disclosure to similarly situated companies and insurance providers would result in those parties obtaining an unfair commercial

advantage. *See* Fed. R. Civ. P. 45(c)(3)(B)(I) (subpoena may be quashed where it requires disclosures of a trade secret).

The document request is overbroad as it requests the agreements regardless of their relevance to the underlying litigation. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

**Defendant Wal-Mart's Reply**:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not prohibit discovery on medical benefits or compensation. See Denton v. Con-Way

Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.   Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

MLH's "trade secret" objections to Defendant's subpoena are improper.  There is no true privilege against discovery of trade secrets or other "confidential" business information.   MLH has failed to make any showing as to how the information sought by Defendant constitutes non-discoverable trade secrets or how it would be harmed by the dissemination of alleged "trade secrets" in this case, other than through conclusory and general allegations.

Defendant's request is properly limited in terms of time, scope, and breadth, are not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case stemming from an alleged incident that occurred on September 23, 2010.

-18-

7.

All correspondence and emails or correspondence between you and the following or emails or correspondence between you and anyone else pertaining to this matter.

1. Resurgens Orthopaedics;
2. Key Health Medical Solutions, Inc.;
3. Premier South Medical Group, P.C.
4. Peachtree Orthopaedic Clinic;
5. Shawn Jones, DC; and
6. Peachtree Orthopaedic Physical Therapy.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading

payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

### **Defendant Wal-Mart's Reply**:

MLH's objection to this request is utterly unresponsive, and should be stricken in its entirety.  The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise.  Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation.  Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable.  The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment.  Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable.  There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law.  MLH is not an insurance company or a medical provider.  Further, the rule does not prohibit discovery on medical benefits or compensation.  See Denton v. Con-Way Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding

relationship with medical providers, treating physicians, etc. Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

8.

All correspondence and emails between you and Plaintiff's counsel, James A. Robson, Esquire, Andrew B. Cash, Esquire, and/or the Cash, Krugler & Fredericks, LLC firm, regarding your services in this case, and all other correspondence or emails between you and anyone else pertaining to this matter.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance

-21-

companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

**Defendant Wal-Mart's Reply**:

MLH's objection to this request is utterly unresponsive, and should be stricken in its entirety. The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not prohibit discovery on medical benefits or compensation. See Denton v. Con-Way

Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.   Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

9.

All billing records, engagement agreements or other documents regarding fees and expenses charged or paid by you for services in this matter.

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others.   The collateral source rule applies to payments made by various sources including insurance

-23-

companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

### Defendant Wal-Mart's Reply:

MLH's objection to this request is utterly unresponsive, and should be stricken in its entirety. The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not prohibit discovery on medical benefits or compensation. See Denton v. Con-Way

Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar

Defendant's discovery seeking contracts or documents regarding MLH's funding

relationship with medical providers, treating physicians, etc.   Thus, Defendant's

requests numbers 1-12 properly seek information that is relevant and discoverable.

Further, evidence regarding collateral benefits may be admissible when offered for

purposes, such as for impeachment or causation of damages. See e.g., Warren v.

Ballard, 266 Ga. 408, 408-410 (1996).

10.

The exact amount of money you have paid to date in this matter to the following

regarding any treatment of Ticora Williams, date of birth _____; Social

Security No. _____.

1. Resurgens Orthopaedics;
2. Key Health Medical Solutions, Inc.;
3. Premier South Medical Group, P.C.
4. Peachtree Orthopaedic Clinic;
5. Shawn Jones, DC; and
6. Peachtree Orthopaedic Physical Therapy

**ML Healthcare Response**: The documents sought are not relevant as they seek

evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-*

*Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*,

297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

### Defendant Wal-Mart's Reply:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable.  There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider.  Further, the rule does not prohibit discovery on medical benefits or compensation. See Denton v. Con-Way Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.  Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

11.

All tax forms (or tax returns) reflecting all income paid by you, from 2002 through the current date, for your work in any capacity with  Peachtree Orthopaedic Clinic and/or Shevin D. Pollydore, M.D., and/or  Obinwanne Ugwonali, M.D., and/or Kay Kirpatrick, M.D. [please note that if you assert you do not maintain such tax reporting records reflecting payments to Peachtree Orthopaedic Clinic and/or  Shevin D. Pollydore, M.D., and/or Obinwanne Ugwonali, M.D., and/or Kay Kirpatrick, M.D.,

Defendant will request that you produce copies of all tax returns for the years 2002 through this date reflecting such payments for such work, and Defendant reserves the right to take the depositions of accountants or bookkeepers who maintain such financial records which reflect the total amount of billings for payments to Peachtree Orthopaedic Clinic and/or Shevin D. Pollydore, M.D., and/or Obinwanne Ugwonali, M.D., and/or Kay Kirpatrick, M.D.].

**ML Healthcare Response**: The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

-28-

The document request is overbroad as it requests all tax returns from 2002 to the present, which are not relevant to a litigation commenced in 2011. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

Wal-Mart is not entitled to the tax forms or returns because it has not, and cannot, establish their relevance or a compelling need for MLH's tax forms or returns. *See Columbus Drywall & Insulation, Inc. v. Masco Corp.,* No. 1:004-CV-3066, 2006 WL 5157686, *7 (N.D. Ga. May 31, 2006 (denying motion to compel production of non-party's personal tax returns where they were irrelevant to the issue of damages).

**Defendant Wal-Mart's Reply**:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise. Admittedly, MLH is a company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence

-29-

that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not prohibit discovery on medical benefits or compensation. See Denton v. Con-Way Southern Exp., Inc., 261 Ga. 41 (1991). The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc. Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

Defendant's request is properly limited in terms of time, scope, and breadth, is not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case. The incident in question occurred on September 23, 2010, and Plaintiff's medical treatment for her alleged reportedly began on or about said date. (See Complaint). Thus, Defendant's request for documents from non-party MLH dating back to just eight years prior to the incident in question is not egregiously overbroad. MLH has failed to demonstrate that Defendant's non-party request would be "unduly burdensome", or is otherwise

-30-

objectionable.  Mere boilerplate objections, like those raised by MLH to this request, are improper.  See <u>Carnes v. Crete Carrier Corp.</u>, 244 F.R.D. 694, 698 (N.D. Ga. 2007).

Defendant has shown a <u>possible</u> linkage between the discovery to MLH and admissible evidence, and the request for tax forms or returns seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case.  MLH is a funding company; it is not an insurance companies; nor is it a medical provider.  MLH does not insure people before an accident.  MLH, as a funding company, is a capital investor that bets on litigation, and becomes involved "after the fact".  Thus, the "medical bills" that are produced in litigation from funding companies like MLH are not necessarily "real" medical bills.  The bills are oftentimes purposely inflated bills that do not reflect the true cost of the medical treatment of a patient.  Rather, these inflated medical bills are used as negotiating tools in litigation, and represent the profit the funding companies hope to receive on their investment.  Thus, the only accurate source of the medical payments for Plaintiff's treatment at issue will be reflected in MLH's tax returns, not the "bills" produced from them in litigation.

12.

All tax forms (or tax returns) reflecting <u>all</u> income paid by you, from 2002 through the current date, for your work in <u>any</u> capacity with Peachtree Orthopaedic Clinic and/or Shevin D. Pollydore, M.D., and/or Obinwanne Ugwonali, M.D., and/or Kay Kirpatrick, M.D. [please note that if you assert you do not maintain such tax reporting records reflecting payments to Peachtree Orthopaedic Clinic and/or Shevin D. Pollydore, M.D., and/or Obinwanne Ugwonali, M.D., and/or Kay Kirpatrick, M.D. , Defendant will request that you produce copies of all tax returns for the years 2002 through this date reflecting such payments for such work, and Defendant reserves the right to take the depositions of accountants or bookkeepers who maintain such financial records which reflect the total amount of billings for payments to Peachtree Orthopaedic Clinic and/or Shevin D. Pollydore, M.D., and/or Obinwanne Ugwonali, M.D., and/or Kay Kirpatrick, M.D.].

**<u>ML Healthcare Response</u>**:   The documents sought are not relevant as they seek evidence of MLH's payment of medical bills incurred by Plaintiff. *See Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his

insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate his liability by collateral sources provided by others.   The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

The document request is overbroad as it requests all tax returns from 2002 to the present, which are not relevant to a litigation commenced in 2011. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

Wal-Mart is not entitled to the tax forms or returns because it has not, and cannot, establish their relevance or a compelling need for MLH's tax forms or returns. *See Columbus Drywall & Insulation, Inc. v. Masco Corp.,* No. 1:004-CV-3066, 2006 WL 5157686, *7 (N.D. Ga. May 31, 2006 (denying motion to compel production of non-party's personal tax returns where they were irrelevant to the issue of damages).

**Defendant Wal-Mart's Reply**:

The information sought by Defendant through this request is clearly relevant and discoverable, and MLH has failed to show otherwise.   Admittedly, MLH is a

company that individuals, like Plaintiff Ticora Williams, use to "fund" their litigation. Through the "funding" of the instant litigation, MLH's interest in and connection to the instant litigation is relevant and discoverable. The extent of MLH's interest in this litigation is clearly relevant to bias, credibility, and impeachment. Additionally, the relationship between MLH and Plaintiff's medical providers is relevant to the defense of causation of damages.

The "collateral source rule" objection is not applicable. There is no evidence that MLH is a provider subject to the "collateral source rule" under Georgia law. MLH is not an insurance company or a medical provider. Further, the rule does not prohibit discovery on medical benefits or compensation. See Denton v. Con-Way Southern Exp., Inc., 261 Ga. 41 (1991).   The collateral source rule does not bar Defendant's discovery seeking contracts or documents regarding MLH's funding relationship with medical providers, treating physicians, etc.   Thus, Defendant's requests numbers 1-12 properly seek information that is relevant and discoverable. Further, evidence regarding collateral benefits may be admissible when offered for purposes, such as for impeachment or causation of damages. See e.g., Warren v. Ballard, 266 Ga. 408, 408-410 (1996).

Defendant's request is properly limited in terms of time, scope, and breadth, is

not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case. The incident in question occurred on September 23, 2010, and Plaintiff's medical treatment for her alleged reportedly began on or about said date. (See Complaint). Thus, Defendant's request for documents from non-party MLH dating back to just eight years prior to the incident in question is not egregiously overbroad. MLH has failed to demonstrate that Defendant's non-party request would be "unduly burdensome", or is otherwise objectionable. Mere boilerplate objections, like those raised by MLH to this request, are improper. See Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 698 (N.D. Ga. 2007).

Defendant has shown a possible linkage between the discovery to MLH and admissible evidence, and the request for tax forms or returns seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case. MLH is a funding company; it is not an insurance companies; nor is it a medical provider. MLH does not insure people before an accident. MLH, as a funding company, is a capital investor that bets on litigation, and becomes involved "after the fact". Thus, the "medical bills" that are produced in litigation from funding companies like MLH are not necessarily "real" medical bills. The bills are oftentimes purposely

-35-

inflated bills that do not reflect the true cost of the medical treatment of a patient. Rather, these inflated medical bills are used as negotiating tools in litigation, and represent the profit the funding companies hope to receive on their investment. Thus, the only accurate source of the medical payments for Plaintiff's treatment at issue will be reflected in MLH's tax returns, not the "bills" produced from them in litigation.

13.

A listing of <u>all</u> cases in which any member of your group has worked in any capacity as an expert witness, expert consultant, treating physician of a party, or otherwise in any capacity for  James A. Robson, Esquire, Andrew B. Cash, Esquire and/or the Cash, Krugler & Fredericks, LLC firm from 2002 through this date (include case name, court and docket number, total billings for the case, whether you provided a written report, whether you provided testimony by way of deposition or trial, and name of attorney and party who retained you).

**ML Healthcare Response**: The document request is overbroad as it requests information from 2002 to the present, which are not relevant to a litigation commenced in 2011, and does not limit the request to information to the underlying litigation. *See* Fed. R. Civ. P. 45(c)(1) (subpoena must be quashed where imposes undue burden).

-36-

**Defendant Wal-Mart's Reply**:

Defendant's request is properly limited in terms of time, scope, and breadth, is not unduly burdensome, and seeks information that is relevant and material as to the defense to Plaintiff's damages in this personal injury case.  The incident in question occurred on September 23, 2010, and Plaintiff's medical treatment for her alleged reportedly began on or about said date. (See Complaint). Thus, Defendant's request for documents from non-party MLH dating back to just eight years prior to the incident in question is not egregiously overbroad.  MLH has failed to demonstrate that Defendant's non-party request would be "unduly burdensome", or is otherwise objectionable.  Mere boilerplate objections, like those raised by MLH to this request, are improper.  See Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 698 (N.D. Ga. 2007).